UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CARL GENE THYMES | CIVIL ACTION NO. 6:19-cv-00090 |
| VERSUS | JUDGE SUMMERHAYS |
| AT&T MOBILITY SERVICES, LLC, ET AL. | MAGISTRATE JUDGE HANNA |

## ORDER

This Court, on its own order (Rec. Doc. 4), has undertaken a *sua sponte* review of the court's subject-matter jurisdiction over this action. This Court has also reviewed the plaintiff's complaint *sua sponte* under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, it is ordered that the plaintiff shall file an amended complaint not later than March 18, 2019.

## Background

In June 2018, the plaintiff filed suit against AT&T Mobility, LLC, Sans Chevaux Investments, LLC, CIA/Cointelpro, L'Auberge Casino and Hotel, and U.S. Equal Employment Opportunity Commission in a lawsuit that was assigned Civil Action No. 6:18-cv-00867. This Court undertook a *sua sponte* jurisdictional review and recommended that the suit be dismissed for lack of subject-matter jurisdiction. (Rec. Doc. 105 in No. 6:18-cv-00867). This Court's recommendation was adopted, and the suit was dismissed without prejudice. (Rec. Doc. 107 in No. 6:18-cv-00867).

In January 2019, the plaintiff initiated a lawsuit assigned Civil Action No. 6:19-cv-00060 by removing a suit from the 15th Judicial District Court, Lafayette Parish, Louisiana, to this forum. The plaintiff stated, in the removal notice, that the suit was originally brought by San Chevaux Investments, LLC against Mr. Thymes and assigned Docket No. 20190295 on the state court's docket. Although the plaintiff stated that he attached a copy of the petition as an exhibit to his complaint, he did not do so. Instead, he attached a copy of a rule nisi in which he was being required to show cause why he had violated an order issued by the state court. (Rec. Doc. 1 at 6 in No. 19-cv-00060). The plaintiff further stated that the federal court had jurisdiction over the action under 28 U.S.C. § 1331 because it involved allegations that the Fair Housing Act had been violated. But there is no evidence that the claims asserted by the plaintiffs in the state court action against Mr. Thymes arose under federal law. Instead, Mr. Thymes attempted to assert a counter-claim against Sans Chevaux Investments, LLC and others under the Fair Housing Act. (Rec. Doc. 6 in No. 6:19-cv-00060). Because he had not requested leave of court to file the counter-claim, the counter-claim was stricken from the record. (Rec. Doc. 15 in No. 6:19-cv-00060). Mr. Thymes also reiterated the same claims against the same parties that he had articulated in Civil Action No. 6:18-cv-00867. Accordingly, the case was dismissed for lack of subject-matter jurisdiction. (Rec. Doc. 5 in No. 6:19-cv-00060).

The claims asserted in the two earlier lawsuits have been dismissed, and nothing further can be filed by the plaintiff in either of those lawsuits.

Mr. Thymes then initiated this third lawsuit, which was assigned Civil Action No. 6:19-cv-00090. He sued the same five defendants: AT&T Mobility Services, LLC; Sans Chevaux Investments, LLC; CIA/(FBI)COINTELPRO; L'Auberge and Hotel Casino/Pinnacle Entertainment; and U.S. Equal Employment Opportunity Commission ("EEOC").

In support of his claims against AT&T Mobility Services, LLC, the plaintiff alleged that, during his employment with AT&T Mobility, he was subjected to a hostile work environment and racial discrimination that caused him to become ill and resign his position.

In support of his claims against Sans Chevaux, the plaintiff alleged that Robert Leonard, the owner of Sans Chevaux, failed to renegotiate a lease/purchase agreement after the plaintiff brought to his attention the fact that the house subject to the agreement had termites and roof damage. He alleged that Mr. Leonard never provided him with a Louisiana Residential Property Disclosure Agreement, and he further alleged that his air conditioner does not blow cold air, the house has termites, and the roof is damaged. With regard to this defendant, he also alleged civil rights discrimination with respect to the Fair Housing Act.

In his claims against CIA/FBI/COINTELPRO, which is alleged to be a federal agency, the plaintiff alleged that a default judgment was entered against this defendant in a state court proceeding, and he sought to have this court issue a judgment that acknowledges the earlier default and operates "to immediately stop" this defendant from harassing him.

The plaintiff sued L'Auberge, alleging that there was a delay in checking into his hotel room, the valet parking attendants could not locate his car or his keys, he was harassed while in his hotel room, he was followed by security personnel, he was not promptly served in a restaurant, and all of this resulted in his losing $150,000[1] while gambling. He alleged that the casino used hypnosis to deliberately keep him in the casino, causing him "to lose even more money."

In his claims against the EEOC, the plaintiff alleged that the EEOC violated its policies in handling the discrimination charge that he filed against AT&T Mobility.

Mr. Thymes claims that all of the defendants are liable to him for the intentional infliction of emotional distress.

---

[1] In the earlier lawsuits, the plaintiff claimed that he lost $15,000 rather than $150,000. (Rec. Doc. 12 at 8 in No. 6:18-cv-00867).

## Law and Analysis

**A.** *Pro Se* **Status**

Mr. Thymes is proceeding in this lawsuit without the assistance of legal counsel. A *pro se* litigant's pleadings are construed liberally[2] and held to "less stringent standards than formal pleadings drafted by lawyers."[3] However, a *pro se* "plaintiff must prove, by a preponderance of the evidence, that the court has jurisdiction based on the complaint and evidence."[4] Furthermore, a *pro se* plaintiff must also abide by the rules that govern federal courts[5] and properly plead sufficient facts that, when liberally construed, state a plausible claim to relief.[6] A court may *sua sponte* dismiss a plaintiff's claims on its own motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim so long as the plaintiff has notice of the court's intention to do so and an opportunity to respond.[7] However, a court

---

[2] *Nerren v. Livingston Police Dept.*, 86 F.3d 469, 472 (5th Cir. 1996).

[3] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

[4] *Dos Santos v. Belmere Ltd. Partnership*, 516 Fed. App'x 401, 402-03 (5th Cir. 2013) (citing *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), and *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)).

[5] *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (citing *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed. App'x 419, 421 (5th Cir. 2013)).

[6] See *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed. App'x at 421-22.

[7] See *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)).

should generally allow a *pro se* plaintiff an opportunity to amend his complaint before dismissing it for failure to state a claim.[8]

**B.    Subject-Matter Jurisdiction**

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[9] Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[10] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[11] A suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[12]

Absent subject-matter jurisdiction, a federal court has no power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking.[13] "Federal courts, both trial and appellate, have a continuing obligation to examine the

---

[8]    *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

[9]    See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[10]    28 U.S.C. § 1331.

[11]    28 U.S.C. § 1332.

[12]    *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[13]    *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).

basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time."[14] Rule 12(h)(3) of the Federal Rules of Civil Procedure states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." A district court may dismiss a case for lack of subject-matter jurisdiction on the basis of "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[15]

The party asserting federal jurisdiction has the burden of proving its existence by a preponderance of the evidence.[16] Accordingly, the plaintiff must bear that burden in this case.

**D.** **Diversity Jurisdiction**

It is not clear from the face of the plaintiff's complaint whether he is asserting federal-court jurisdiction on the basis of diversity of citizenship. He included some jurisdictional facts when identifying the parties, and he quoted (without citation) the

---

[14] *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). See, also, *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir.2005) (A "federal court may raise subject matter jurisdiction sua sponte.").

[15] *St. Tammany Parish v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

[16] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. at 377; *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir.2008); *Howery v. Allstate Ins. Co.*, 243 F.3d at 919.

rule set forth in 28 U.S.C. § 1332(c)(1) regarding a corporation's citizenship. If he is claiming only federal-question jurisdiction, then these portions of the complaint are superfluous and meaningless; therefore, out of an abundance of caution, it is necessary to analyze whether the court has subject-matter jurisdiction under 28 U.S.C. § 1332.

A federal court may exercise "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," and the parties are "citizens of different States."[17] The diversity statute requires complete diversity of citizenship, meaning that all persons on one side of the controversy must not share the same citizenship as any person on the other side.[18] "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."[19] The plaintiff in this case must bear that burden.

When jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged.[20] In this case, the plaintiff did not set forth in his complaint all of the facts necessary to establish the citizenship of the parties that he sued.

---

[17] 28 U.S.C.A. § 1332.

[18] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).

[19] *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[20] *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d at 1259; *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975).

However, there is evidence establishing that the parties are not diverse because the plaintiff and one of the defendants, Sans Chevaux Investments, LLC, are citizens of the same state.

The citizenship of a natural person is determined by the state in which he or she is domiciled.[21] In his complaint, Mr. Thymes alleged that he is a citizen of Louisiana. This representation is accepted as true.

From the use of the abbreviation "LLC" in its name, it appears that San Chevaux is a limited liability company. A limited liability company is a citizen of every state in which any member of the company is a citizen,[22] and the citizenship of an LLC is determined by the citizenship of all of its members.[23] Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[24] If any one of the members is not

---

[21]   *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[22]   See, *Harvey v. Grey Wolf*, 542 F.3d at 1080.

[23]   *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf*, 542 F.3d at 1080.

[24]   See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or association is based upon the citizenship of all of its members). See also *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

diverse, the limited liability company is not diverse. Although the plaintiff did not supply the information necessary to evaluate San Chevaux's citizenship in his complaint, that information was provided to the court in a previous lawsuit. In support of a motion to dismiss filed in another suit (Rec. Doc. 83 in No. 6:18-cv-00867), San Chevaux represented that it is a limited liability company with a single member, Robert Leonard, and further represented that Mr. Leonard is a citizen of Louisiana. This Court takes judicial notice of that information and accepts the representations made on behalf of San Chevaux as establishing that the company is a Louisiana citizen.

Because the plaintiff and San Chevaux are citizens of the same state, the plaintiff and at least one defendant are citizens of the same state, and complete diversity does not exist. For that reason, it is not necessary to evaluate the citizenship of the other defendants or to determine whether the plaintiff has established a sufficient amount in controversy. This Court finds that the plaintiff did not – and cannot – satisfy his burden of establishing that the court has subject-matter jurisdiction under 28 U.S.C. § 1332. Accordingly, the court lacks diversity jurisdiction and, for the court to have subject-matter jurisdiction over the plaintiff's claims, the court must have federal-question jurisdiction.

## E. Federal-Question Jurisdiction

Federal courts possess original jurisdiction over civil actions arising under federal law.[25] "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."[26] Federal-question jurisdiction is most frequently invoked when the federal law creates the cause of action.[27] However, federal-question jurisdiction has also been found in some state-law claims if "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."[28]

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded

---

[25] 28 U.S.C. § 1331.

[26] *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

[27] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

[28] See *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

complaint."²⁹ In other words, federal-question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"³⁰ Generally, a suit arises under federal law for the purpose of establishing federal-question jurisdiction if there appears on the face of the complaint some substantial, disputed question of federal law.³¹ A *pro se* complaint must comply with the well-pleaded complaint rule,³² which requires a federal question to appear on the face of the plaintiff's complaint.³³

## F. The Claim Against AT&T Mobility

The plaintiff asserted an employment discrimination claim against AT&T Mobility. Such claims may be brought under federal law or under state law.

---

²⁹ *Caterpillar, Inc. v. Williams*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). See, also, *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (per curiam).

³⁰ *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

³¹ *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).

³² See, e.g., *Vela v. Manning*, 469 Fed. App'x 319, 321 (5th Cir. 2012); *Lai v. Guller*, No. 3:18-CV-1121-B-BK, 2018 WL 6174220, at *2 (N.D. Tex. Nov. 7, 2018), report and recommendation adopted, 2018 WL 6172063 (N.D. Tex. Nov. 26, 2018); *McGee v. McGee*, No. 18-cv-0807, 2018 WL 3342060, at *2 (W.D. La. June 21, 2018), report and recommendation adopted 2018 WL 3341793 (W.D. La. July 6, 2018); *Allsbrook v. Osbourn*, No. 2018 WL 3041195, at *2 (W.D. La. Mar. 29, 2018), report and recommendation adopted 2018 WL 3040018 (W.D. La. June 19, 2018).

³³ *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d at 803.

Sometimes a plaintiff seeks relief for such claims under both state and federal law. However, a federal issue is not necessarily raised when the claim involving the federal issue "can be supported by alternative and independent theories of recovery, one based in state law and the other in federal law."[34]

In this case, it is not clear whether Mr. Thymes is seeking to recover against AT&T Mobility under federal law, although he mentioned Title VII of the Civil Rights Act of 1964 in his complaint and alleged that he received a right-to-sue letter from the EEOC. Simply mentioning a federal statute is not sufficient to state a claim under federal law for purposes of the well-pleaded complaint rule. Therefore, this Court finds that the plaintiff failed to state a claim against AT&T Mobility that satisfies the requirements of the well-pleaded complaint rule.

**G.     The Claim Against Sans Chevaux**

Mr. Thymes's claim against Sans Chevaux appears to be grounded on Louisiana law, since he alleged that Sans Chevaux failed to provide him with a form that is required by certain cited Louisiana statutes and failed to renegotiate the terms of a lease/purchase agreement after the existence of termites and roof damage was brought to its attention. Although Mr. Thymes referenced the Fair Housing Act, he

---

[34] *McGee v. Veterans Land Board of Texas*, No. 3:17-CV-1423-B, 2018 WL 1640221, at *2 (N.D. Tex. Apr. 5, 2018); *Brewster v. Nationstar Mortg., LLC*, No. 3:13-CV-2807-M, 2013 WL 6501261, at *4 (N.D. Tex. Dec. 10, 2013).

did not state how any actions or omissions of San Chevaux violated that act. Therefore, this Court finds that the plaintiff failed to state a claim against Sans Chevaux that satisfies the requirements of the well-pleaded complaint rule.

### H.    The Claim Against L'Auberge

Mr. Thymes's claim against L'Auberge also seems to be grounded solely upon state law.  He did not identify a federal statute or Constitutional provision that prohibits delaying entry into a hotel room, governs the loss of keys to a valet-checked vehicle, mandates that a hostess promptly seat a restaurant patron, or precludes the other activities that he accused L'Auberge of engaging in.  He also alleged that the casino entered into a criminal conspiracy with COINTELPRO agents but he did not identify a federal statute or Constitutional provision that was allegedly violated by any such conspiracy.

### I.    The Claim Against CIA/FBI(COINTELPRO)

Mr. Thymes alleged that a state court found CIA/FBI(COINTELPRO) in default, and he seeks to have this court issue a default judgment against that alleged agency but he did not identify any federal statute requiring that action.  Additionally, Mr. Thymes alleged that CIA/COINTELPRO harassed him, discriminated against him, broke into his home, placed cameras in his home, caused his utility bills to increase.  He alleged that this constitutes a hate crime, but Mr. Thymes did not identify a federal statute or Constitutional provision under which he might be entitled

to recover, nor did he identify a substantive and actually disputed issue of federal law necessary for the resolution of a state law claim based on these allegations. In fact, he identified no legal basis under which he might recover with regard to this claim. His use of the word "conspiracy" and his reference to an alleged "Rico and Racketeering Influence Act" are insufficient to state a claim against these governmental entities. However, he did sue what are alleged to be agencies of the federal government.

**J.    The Claim Against the EEOC**

In his complaint, Mr. Thymes asserted a claim against the EEOC, alleging that it failed to follow its own policies concerning the claim he filed against that agency regarding his employment with AT&T Mobility. He did not identify a federal statute or Constitutional provision under which he might be entitled to recover, nor did he identify a substantive and actually disputed issue of federal law necessary for the resolution of a state law claim. In fact, he identified no legal basis under which he might recover with regard to this claim. However, he did sue an agency of the federal government.

**K.    Immunity**

CIA/FBI(COINTELPRO) and the EEOC are alleged to be agencies of the federal government. It is a basic tenet of constitutional law that the United States is immune from suit except to the extent that it has consented to be sued in a

Congressional act.[35] "Sovereign immunity is a jurisdictional defense. Without a waiver of sovereign immunity, the court lacks subject-matter jurisdiction to hear a suit against the United States."[36] A party who sues the United States or one of its agencies has the burden of pointing to a congressional act that gives consent for such a suit by showing Congress's unequivocal waiver of sovereign immunity.[37] In this case, the plaintiff has not satisfied this burden because he failed to identify any statute that waives sovereign immunity and permits a lawsuit against CIA/FBI(COINTELPRO) or against the EEOC under the facts set forth in his complaint. Accordingly, this Court finds that the plaintiff failed to establish that the court has federal-question jurisdiction over the plaintiff's claims against CIA/FBI(COINTELPRO) and the EEOC.

## L. The Section 1983 Claims

Without identifying the actions or omissions of any particular defendant, the plaintiff referred to 42 U.S.C. § 1983 in his complaint. Section 1983 provides a claim against anyone who "under color of any statute, ordinance, regulation, custom,

---

[35] *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *St. Tammany Parish v. FEMA*, 556 F.3d at 316.

[36] *Alexander v. Trump*, No. 17-1081, 2018 WL 1976478, at *3 (W.D. La., Apr. 12, 2018) (citing *Ecker v. United States*, 358 Fed. App'x. 551, 552-53 (5th Cir. 2009)).

[37] *Spotts v. United States*, 613 F.3d 559, 568 (5th Cir. 2010); *St. Tammany Parish v. FEMA*, 556 F.3d at 315 n. 3.

or usage, of any State" violates another's constitutional rights.[38] Section 1983 is not a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere.[39] To state a Section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.[40] Whether a defendant acted under color of state law and is subject to liability under Section 1983 depends on the plaintiff's allegations.

Most rights secured by the Constitution protect only against infringement by governments.[41] The deprivation of a federal right is attributable to the state and therefore occurs under color of law when the deprivation is caused by the exercise of a right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible and when the party charged with the deprivation is a state actor, either because he is a state official, because he acted together with or obtained significant aid from state officials, or because his

---

[38] 42 U.S.C. § 1983.

[39] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004).

[40] *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013); *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir.2000).

[41] *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).

17

conduct is otherwise chargeable to the state.[42] "Private individuals generally are not considered to act under color of law."[43] Defendants AT&T, Sans Chevaux, and L'Auberge are private companies rather than governmental entities. Therefore, they cannot be liable to Mr. Thymes under Section 1983.

The CIA/FBI(COINTELPRO) and EEOC are federal government entities. A claim that a federal official violated constitutional rights may not be brought under Section 1983; however, such a claim might be brought under *Bivens*.[44] The plaintiff cited *Bivens* in his complaint but did not expressly state that he was asserting claims against the federal agencies under *Bivens*. Further, the plaintiff has not identified any official with the CIA/FBI(COINTELPRO) or EEOC that he claims violated his rights nor did he identify the Constitutional provision that he contends was violated by these agencies.

**M. Notice**

In summary, this Court has strong doubts about the claims that the plaintiff attempted to articulate in his complaint. This Court suspects that the court lacks subject-matter jurisdiction over some if not all of the claims and further suspects that

---

[42] *Ballard v. Wall*, 413 F.3d at 518.

[43] *Ballard v. Wall*, 413 F.3d at 518; *Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017).

[44] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

the plaintiff will be unable to state a valid claim against all of the defendants. Before dismissing the plaintiff's claims, however, this Court will allow the plaintiff one final opportunity to amend his complaint to state valid claims. The plaintiff is advised, however, that he will not be afforded another opportunity to amend his complaint. The plaintiff is further advised that any claim set forth in the amended complaint that falls outside the scope of the court's subject-matter jurisdiction will be dismissed. Similarly, the plaintiff is advised that any claim set forth in the amended complaint that does not satisfy the requirements of Rule 12(b)6) of the Federal Rules of Civil Procedure will be dismissed. Accordingly,

IT IS ORDERED that the plaintiff shall, not later than March 18, 2019, file an amended complaint in this civil action only.

IT IS FURTHER ORDERED that the amended complaint shall clearly state the basis for the court's subject-matter jurisdiction and set forth all facts necessary to support a finding that the court has subject-matter jurisdiction.

IT IS FURTHER ORDERED that the amended complaint shall, with regard to each and every one of the plaintiff's claims against each and every defendant, (1) state the federal statute that the plaintiff claims the defendant violated, (2) state the facts supporting the claim, including, at a minimum, who did what, when it was done, and what damages resulted.

IT IS FURTHER ORDERED that, with regard to each and every Section 1983 and *Bivens* action violation alleged in the amended complaint, the plaintiff shall identify the constitutional provision that was allegedly violated, identify the person who allegedly violated the Constitution, and state when the violation allegedly occurred.

IT IS FURTHER ORDERED that, with regard to each and every allegation of conspiracy, the plaintiff shall identify the persons who conspired, the purpose of the conspiracy, the actions taken pursuant to the conspiracy, the time period when those actions occurred, and the federal statute that was allegedly violated.

Signed at Lafayette, Louisiana, this 26th day of February 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE